The Hon. Judge James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 17-01686-JLR |
| | ) |
| Plaintiff, | ) **DEFENDANT NORTHWEST** |
| | ) **TRUSTEE SERVICES, INC.'S** |
| v. | ) **FED. R. CIV. P. 12(b)(6) MOTION TO** |
| | ) **DISMISS COMPLAINT OR IN THE** |
| NORTHWEST TRUSTEE SERVICES, INC., | ) **ALTERNATIVE FED. R. CIV. P. 12(e)** |
| | ) **MOTION FOR MORE DEFINITE** |
| | ) **STATEMENT** |
| Defendant. | ) |
| | ) **Noting Date: January 26, 2018** |

## I. RELIEF REQUESTED

Defendant Northwest Trustee Services, Inc. ("NWTS") moves the Court for an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

In the alternative, pursuant to Fed. R. Civ. P. 12(e), the Court should bar all untimely claims under 28 U.S.C. § 1658(a) and order Plaintiff to file an amended complaint with a more definite statement identifying (a) which, if any, of the three alleged violations arose within the applicable four-year statute of limitations, and (b) every individual who has already received compensation for the same foreclosure for which the United States Attorney General ("USAG") now pursues NWTS.

## II. FACTUAL SUMMARY

This action concerns an attempt by the USAG to enforce purported violations of the

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 1 OF 17

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Service members Civil Relief Act ("SCRA") against NWTS. *See* 50 U.S.C. § 4041.

NWTS conducted non-judicial foreclosures for mortgage lenders. Dkt. No. 1 (Complaint) at ¶ 6. The USAG alleges that NWTS completed "at least 28" foreclosures on real property owned by "SCRA-protected service members" from 2010 to "the present". *Id*., ¶¶ 9, 17.

One of those service members, Jacob McGreevey, previously sued his mortgage lender and NWTS under the SCRA. *McGreevey v. PHH Mortg. Corp.*, Case No. 16-05339-RJB (W.D. Wash.); *see also* Compl., ¶ 13. The Hon. Judge Bryan applied a four-year statute of limitations based on the Washington Consumer Protection Act as the SCRA's state law analogue, and dismissed Mr. McGreevey's claim as time-barred. *Id*., Dkt. No. 28; *see also* 2016 WL 7243805 (W.D. Wash. Dec. 15, 2016). On appeal, USAG appeared as an *amicus curiae* and agreed with the District Court's conclusion that a four-year statute of limitations barred McGreevy's claim, but argued that the four-year federal catch-all statute of limitations in 28 U.S.C. § 1658(a) governed instead of the analogous state law analysis used by the District Court. *McGreevey v. PHH Mortg. Corp.*, Brief for the United States as Amicus Curiae ("USAG Amicus"), 2017 WL 1206442 at 17-18 (9th Cir. Mar. 29, 2017).

Almost one year later, the USAG filed the instant action against NWTS. *See* Dkt. No. 1. Shortly after filing the Complaint, USAG sought ex parte garnishments and submitted various affidavits. *United States v. Northwest Trustee Services, Inc.*, Case No. 17-00158-JLR (W.D. Wash.) Dkt. No. 1 ("Garnishment"). USAG admitted that only three of the "at least 28" alleged violations occurred "within 5 years of filing". Garnishment attachment No. 1, Declaration of Alan Martinson ¶ 7. USAG further admitted that 12 of the 28 individuals allegedly entitled to payment under the SCRA had already been compensated once as part of the National Mortgage Settlement. Garnishment attachment No. 2, Declaration of Brittany Cirineo ¶ 5. Despite making these specific representations about particular foreclosures, USAG has not clarified two critical points: did any of the three alleged violations occur within four years, and which individuals

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 2 OF 17

RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

have already been paid $125,000 or more each under the USAG's previous SCRA settlements.

## III. ISSUE PRESENTED

1. Whether Plaintiff has failed to state a claim for relief within the applicable four-year statute of limitations?

2. In the alternative, whether the Court should bar untimely claims under 28 U.S.C. § 1658(a) and order an amended complaint containing a more definite statement under Fed. R. Civ. P. 12(e) of each particular foreclosure Plaintiff alleges occurred within the four-year statute of limitations and which foreclosures have already resulted in compensation to the impacted individual?

## IV. EVIDENCE RELIED UPON

Plaintiff's Complaint and any other relevant documents on file with the Court.

## V. AUTHORITY AND ARGUMENT

Plaintiff fatally wounded its own Complaint in two ways: First, by including claims outside the applicable statute of limitations. Second, the USAG has actively prevented NWTS from adequately defending itself by hiding the identity of the particular foreclosures at issue, despite having adequate information to do so at the outset. Plaintiff's failures require either dismissal or an order for a more definite statement providing the information required for NWTS to mount a full defense.

### A. STANDARD FOR DISMISSAL

A complaint must be dismissed for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).

In ruling on a Rule 12(b)(6) motion, a court may consider the allegations contained in the

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 3 OF 17

RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 899-900 (9th Cir. 2007). The Court can take judicial notice of documents implicitly addressed in a complaint. *See*, *e.g.*, *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) (the Court may consider a writing referenced in the complaint, but not explicitly incorporated therein, if the complaint relies on the document and authenticity is unquestioned); *Abram v. Wachovia Mortg. Wells Fargo Bank*, 2013 WL 1855746 (W.D. Wash. Apr. 30, 2013) ("Even if a document is not attached to the complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to it or it forms the basis of the plaintiff's claim.").

This Motion relies on the allegations presented in Plaintiff's Complaint and records of which the Court can take judicial notice including Plaintiff's other filings with this Court.

### B. THE COMPLAINT DOES NOT STATE A PLAUSIBLE CLAIM BASED ON ALLEGED SCRA VIOLATIONS OCCURRING WITHIN THE APPLICABLE FOUR-YEAR STATUTE OF LIMITATIONS

Plaintiff's Complaint is subject to the four year statute of limitations found in 28 U.S.C. § 1658(a). Plaintiff does not explain how it overcomes its own admission that only three of the 28 foreclosures USAG places at issue are within five years, not the four required by § 1658(a). Any attempt by USAG to apply a longer statute of limitations, including 28 U.S.C. § 2415(b), must fail under existing law. Therefore, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

#### 1. Background: SCRA, Enforcement Actions, and the National Mortgage Settlement.

The SCRA's predecessor was first adopted during World War I to suspend "legal proceedings and transactions" for the benefit of service members on active duty. Soldiers' and Sailors' Civil Relief Act ("SSCRA"), Pub. L. No. 65-10, 40 Stat. 440 (1918). The SCRA

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 4 OF 17

RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

invalidates any foreclosure made during, or within one year of, active military service. 50 U.S.C. § 3953(c).[1]

In 2003, Congress added a penalties section to the SCRA, providing that "[a] person who knowingly makes or causes to be made a sale, foreclosure, or seizure of property that is prohibited by subsection (c)… shall be fined as provided in Title 18 [the United States Criminal Code]… or imprisoned for not more than one year." 50 U.S.C. § 3953(d). The 2003 amendment, like the original SSCRA, did not include authority for the government to seek civil penalties or a private right of action. Pub. L. No. 108-189, 117 Stat. 2847 (2003)

In 2010, Congress passed the Veterans Benefits Act ("VBA") which amended the SCRA to "add[] at the end [a] new title" regarding "enforcement by the Attorney General and by private right of action." Pub. L. 111-275, 124 Stat. 2864 (2010). This new provision authorized the USAG to bring actions for equitable relief, declaratory relief, monetary damages to compensate affected individuals, and a civil penalty. 50 U.S.C. § 4041(b).[2] Congress did not specify a statute of limitations in the VBA governing the newly authorized actions.

In 2012, the USAG entered into the National Mortgage Settlement ("NMS") with five national mortgage servicers. The NMS compensated service members who were subject to non-judicial foreclosures between 2006 and 2012 that did not comply with the SCRA. *See*, *e.g.*, https://www.justice.gov/opa/pr/service-members-receive-over-123-million-unlawful-foreclosures-under-service members-civil ("NMS/SCRA Press Release"). Individuals who accepted a payment of at least "$125,000, plus any lost equity in the property and interest on that equity" from a loan servicer were required to execute a release discharging the servicer and its agents from SCRA liability. *See*, *e.g.*, http://www.nationalmortgagesettlement.com/settlement-documents, *citing* Case No. 12-00361-RMC (D.D.C.), Dkt. Nos. 10-14 (Consent Judgments

---

[1] This Code section was amended in 2012 to increase the post-service restriction from nine months to one year. PL 112-154, August 6, 2012, 126 Stat 1165.
[2] The private right of action is found in 50 U.S.C. § 4042.

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 5 OF 17

RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

subject to ER 201). USAG recently admitted that of the 28 foreclosures allegedly conducted in violation of the SCRA, 12 of those have already resulted in payments of at least $125,000 to each impacted individual. Garnishment attachment No. 2, Declaration of Brittany Cirineo ¶ 5; NMS/SCRA Press Release ¶6 ("the identified service members will each receive $125,000, plus any lost equity in the property and interest on that equity.") Nevertheless, USAG seeks additional payment from NWTS for "lost equity, lost appreciation of value, moving expenses, damage to credit, harm to service members' military careers due to damage to credit, emotional distress, and punitive damages" despite presumably having recovered full compensation for the impacted individuals in the NMS and the recipients' execution of a release discharging the NMS participants' agents. Garnishment attachment No. 1, Declaration of Alan Martinson ¶7.

The USAG now seeks to impose civil penalties on NWTS for conducting foreclosures of properties owned by individuals who had completed a period of military service or were in the military reserves. Compl., ¶¶ 8, 17, *citing* 50 U.S.C. § 3953(c). But relief cannot be granted in this case because the USAG's claim is time-barred pursuant to a four-year statute of limitations and the SCRA does not permit multiple recoveries for a single SCRA violation.

### 2. The Four-Year Statute of Limitations in 28 U.S.C. § 1658(a) Applies to This Case.

All actions authorized by statutes or amendments enacted after 1990 that fail to include a specific statute of limitations are subject to the four-year federal "catch-all" statute of limitations. Since the SCRA contains no statute of limitations and USAG's Complaint stems from the 2010 SCRA amendments in the VBA, USAG's Complaint is governed by 28 U.S.C. § 1658(a).

In 1990, Congress adopted a "catch-all" provision providing a specific statute of limitations to any federal law without an express statute of limitation. 28 U.S.C. § 1658(a). Cases brought under such laws "may not be commenced later than 4 years after the cause of action

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 6 OF 17

RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

accrues." The "catch-all" provision also includes a single discovery rule exception for private rights of action in securities cases which clearly does not govern this case. *Id.*

The SCRA does not contain or explicitly incorporate any statute of limitations. The USAG acknowledges this in the *McGreevey* appeal and argues that private actions arising under 50 U.S.C. § 4042 are therefore subject to the four-year "catch-all" limitation found in 28 U.S.C. § 1658(a).[3]

USAG enforcement actions arising under 50 U.S.C. § 4041 are subject to the USAG's same *McGreevey* analysis: "[a]pplying Section 1658(a), rather than state law, to SCRA claims is consistent with the Supreme Court's broad interpretation of Section 1658(a), as intended to 'fill [] more rather than less of the void that has created so much unnecessary work for federal judges.' " USAG Amicus at 18, *quoting Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 380, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004).

This action arises under 50 U.S.C. § 4041, which was enacted in 2010. Compl., ¶¶ 3, 4, 19; *see also Jones*, *supra.* at 381 (enactments after 1990 plainly fall within the scope of 28 U.S.C. § 1658(a)). By not including or incorporating a statute of limitations in the VBA, Congress intended that the four-year "catch-all" limitation apply in SCRA civil enforcement cases as well as private rights of action. *See*, *e.g.*, *Puerto Rico v. Franklin Cal. Tax-Free Tr.*, -- U.S. --, 136 S. Ct. 1938, 1947, 195 L. Ed. 2d 298 (2016), *quoting Whitman v. Am. Trucking Assns., Inc.,* 531 U.S. 457, 468, 121 S.Ct. 903, 149 L.Ed.2d 1 (2001) ("Congress 'does not, one might say, hide elephants in mouseholes.' "); *Estate of Wood v. C.I.R.*, 909 F.2d 1155, 1160 (8th Cir. 1990), *quoting Johnson v. First Nat'l Bank of Montevideo,* 719 F.2d 270, 277 (8th Cir. 1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984) ("Congress acts with

---

[3] The USAG does not contend that the discovery rule in 28 U.S.C. § 1658(b) should apply to private SCRA actions; this is undoubtedly because the discovery rule exception pertains *only* to securities actions. *See*, *e.g.*, *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 130 S. Ct. 1784, 176 L. Ed. 2d 582 (2010); *see also Andrus v. Glover Const. Co.*, 446 U.S. 608, 616-17, 100 S. Ct. 1905, 64 L. Ed. 2d 548 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent.").

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 7 OF 17

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

knowledge of existing law, and that 'absent a clear manifestation of contrary intent, a newly-enacted or revised statute is presumed to be harmonious with existing law and its judicial construction.' ").

While the United States sometimes commenced SCRA-related actions prior to the 2010 VBA, none of those matters addressed the pertinent statute of limitations. *See*, *e.g.*, *Sullivan v. U.S.*, 395 U.S. 169, 89 S. Ct. 1648, 23 L. Ed. 2d 182 (1969) (suit to bar imposition of state taxes; parties agreed on appeal to government's ability to bring the action); *U.S. v. State of Kan.*, 810 F.2d 935 (10th Cir. 1987) (suit to bar imposition of state taxes); *U.S. v. Champaign Cty., Illinois*, 525 F.2d 374 (7th Cir. 1975) (suit to bar imposition of county taxes); *U.S. v. Com. of Puerto Rico*, 478 F.2d 451 (1st Cir. 1973) (suit to bar commonwealth's collection of insurance premium); *U.S. v. Arlington Cnty., Com. of Va.*, 326 F.2d 929 (4th Cir. 1964) (suit to restrain county's tax collection).

Notably, the *Sullivan* court's explanation as to why the United States was a proper party-plaintiff hinged on an interpretation of 28 U.S.C. § 1341 regarding state tax collection. *U.S. v. Sullivan*, 270 F. Supp. 236, 240 (D. Conn. 1967), *aff'd* 398 F.2d 672 (2d Cir. 1968), *rev'd sub nom.*, 395 U.S. 169, 89 S. Ct. 1648, 23 L. Ed. 2d 182 (1969). The same thread runs through each of these cases where the United States brought suit. None stands for the proposition that the United States could enforce foreclosure protections or seek monetary penalties pursuant to the SCRA until the 2010 VBA granted it the power to do so. *Accord U.S. v. Solomon*, 563 F.2d 1121 (4th Cir. 1977) (analyzing and limiting the government's "nonstatutory authority to sue.").

Moreover, the existence of earlier government SCRA actions does not alter the four-year limitation relevant to this case, because 28 U.S.C. § 1658(a) "also applies to claims arising under amendments to pre-existing statutes." *Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.*, 716 F. Supp. 2d 752, 762 (E.D. Wis. 2010), *aff'd*, 651 F.3d 600 (7th Cir. 2011), *citing*

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 8 OF 17

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Jones*, *supra*. at 380-381.[4] Consequently, the four-year "catch-all" provision found in 28 U.S.C. § 1658(a) governing federal laws without an express statute of limitation controls the USAG's SCRA claims against NWTS.

### 3. 28 U.S.C. § 1658(a) Supersedes Any Argument By The USAG For An Unlimited Limitations Period.

While the USAG does not specifically state what statute of limitations it relies on in bringing this Complaint, it cannot be § 1658(a), since USAG has already admitted that only three of the 28 foreclosures at issue even occurred within five years, much less the four year limitation in 28 U.S.C. § 1658(a). Instead, Plaintiff's Complaint recognizes no limitations period at all, likely through modifying 28 U.S.C. § 2415(b) with an effectively unlimited discovery rule under 28 U.S.C. § 2416(c). Such a result offends basic legal principles and Congress' specific intent in passing a catch-all statute of limitations.

"Statutes of limitations are intended to 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' " *Gabelli v. S.E.C.*, 568 U.S. 442, 452, 133 S. Ct. 1216, 185 L. Ed. 2d 297 (2013) (refusing to create a discovery rule absent legislative direction), *quoting Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348-349, 64 S.Ct. 582, 88 L.Ed. 788 (1944). "They provide 'security and stability to human affairs.' " *Id*., *quoting Wood v. Carpenter,* 101 U.S. 135, 139, 25 L.Ed. 807 (1879). They are deemed "vital to the welfare of society," as "even wrongdoers are entitled to assume that their sins may be forgotten." *Id*., *quoting Wilson v. Garcia,* 471 U.S. 261, 271, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

---

[4] Prior to 1990, federal courts applied "the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). Even using that analysis, though, SCRA claims still must be commenced within four years of an alleged violation's occurrence. *McGreevey v. PHH*, 2016 WL 7103845 (W.D. Wash. Dec. 6, 2016) (finding the Washington Consumer Protection Act is the closest state law analogue to the SCRA), *reconsid. granted*, 2016 WL 7243805 (W.D. Wash. Dec. 15, 2016).

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 9 OF 17

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  The Supreme Court has routinely limited the federal government's right to bring civil
2  penalty or enforcement actions outside an express statute of limitations:

> Chief Justice Marshall used particularly forceful language in emphasizing the importance of time limits on penalty actions, stating that it 'would be utterly repugnant to the genius of our laws' if actions for penalties could 'be brought at any distance of time.'

*Id.* at 452, *quoting Adams v. Woods,* 2 Cranch 336, 342, 2 L.Ed. 297 (1805).

### a. 28 U.S.C. § 2415(b) Cannot Apply to USAG's Complaint

USAG apparently seeks to evade this limitation by applying the three-year statute of limitations in 28 U.S.C. § 2415(b) "for money damages [in an action] brought by the United States…which is founded upon a tort" subject to a broad discovery rule in § 2416(c). However, the USAG's complaint is neither "for money damages" within the meaning of § 2415(b) nor is it "founded upon a tort". Therefore, 28 U.S.C. § 2415(b) cannot govern the USAG's Complaint.

Merely requesting monetary relief does not make an action by the United States "for money damages" for purposes of § 2415(b). As the Supreme Court explained in *Bowen v Massachusetts*, "the fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages'." 487 U.S. 879, 893, 108 S.Ct. 2722 (1988) *citing Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 662, 688, 69 S.Ct. 1457 (1949). The Court further determined that "money damages" means "money in compensation for the losses, whatever they may be, that [the State] will suffer or has suffered." *Id*, citing *Maryland Dept of Human Resources v. Department of Health and Human Services*, 246 U.S.App.D.C. 180, 185, 763 F.2d 1441, 1446 (D.C.Cir. 1985)

SCRA does not permit the USAG to recover damages for losses that the Government "will suffer or has suffered." 50 U.S.C. § 4041(b). Instead, the SCRA limits the USAG's enforcement action to money awards in two circumstances: an award of money damages "to any person aggrieved by the [SCRA] violation" (i.e., the affected service members), and a "civil penalty". *Id.* Section 4041(c) further defines who is "a person aggrieved by a violation of this

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 10 OF 17

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

chapter" as a person that "could obtain [relief] in a civil action under section 4042 of this title". The USAG admits that a person is the individual service member, not the United States. Compl., ¶ 19. Further, the USAG does not allege that the United States was harmed by any violation of the SCRA. Compl., ¶¶ 7-19. Since the SCRA does not authorize the United States to seek compensation for losses that the Government itself may have suffered, and the USAG is not seeking redress for damages allegedly suffered by the Government, the USAG's enforcement action under 50 U.S.C. § 4041 is not an action for "money damages" within the meaning of 28 U.S.C. § 2415(b).

The USAG's enforcement action is also not "founded upon a tort" as required by §2415(b). USAG only seeks statutory remedies under 50 U.S.C. § 4041, including imposition of a civil penalty. Compl., ¶¶ 17-19. Penalty claims are not tort claims. *Federal Election Com'n v. Williams*, 104 F.3d 237 (9th Cir. 1996)(penalty assessment actions are governed by 28 U.S.C. § 2462, not § 2415(b)); *U.S. v. Walsh*, 8 F.3d 659 (9th Cir. 193)(enforcement of a civil penalty "does not sound in tort"). No court has held that an SCRA enforcement action constitutes an action "founded upon a tort" and this Court should decline any invitation to do so here.

b. Congress Intended That § 1658 Prevail Over Earlier Conflicting Limitations Periods.

To the extent that there is a conflict between two statutory provisions like § 2415 and § 1658, the case law is clear: "the later in time prevails." *Harding v. Dep't of Veterans Affairs*, 448 F.3d 1373, 1376 (Fed. Cir. 2006) *see also Cook v. U.S.*, 288 U.S. 102, 53 S.Ct. 305 (1933); Horn & Assoc. v. U.S., 104 Fed.Cl. 121 (2012)("the doctrine of *lex posterior derogate legi priori* (more recent law prevails over earlier inconsistent law) directs that when two laws conflict, the later in time prevails.") Congress is presumed to be aware of the judicial interpretation of its statutes, including the doctrine of *lex posterior*. *Forest Grove School District v. T.A.*, 557 U.S. 230, 239, 129 S.Ct. 2484, 2492 (2009). Since § 2415 was enacted in 1966 and most recently amended in 1984, while § 1658 was enacted in 1990, Congress presumably intended that § 1658

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 11 OF 17

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

should apply to subsequent enactments passed without a statute of limitations, like the VBA. Pub. L. 89-505, 80 Stat. 304 (1966); Pub. L. 98-250, 98 Stat. 118 (1984); Pub. L. 101-650, 104 Stat. 51145 (1990); Pub. L. 111-275, 124 Stat. 2864 (2010). Had Congress wanted a separate statute of limitations to apply to the VBA, it could have chosen one (including § 2415), but it did not. To the extent that such silence creates a gap in the statutory text, "congressional silence often reflects an expectation that courts will look to the common law to fill gaps in statutory text." *Clackamas Gastroenterology Assoc., P.C. v. Wells*, 538 U.S. 440, 447, 123 S.Ct. 1673, 1679 (2003), *citing Nationwide Mutual Insurance Company v. Darden*, 503 U.S. 318, 324-325, 112 S.Ct. 1344 (1992). The common law is clear: the later enactment (§ 1658) supersedes the prior (§ 2415).

### 4. The USAG's Complaint Must Be Dismissed.

In summary, the USAG fails to state a claim and must be dismissed because the USAG (1) bases its Complaint on admittedly time-barred foreclosures including 25 foreclosures that occurred over five years ago; (2) fails to adequately identify the basis for relief for those claims that may be timely; and (3) attempts to force NWTS to pay individuals who have already received substantial payments under any prior SCRA settlement.

First, USAG admits both in the Complaint and other filings before this Court that the Complaint is based largely, if not entirely, on time-barred foreclosures. USAG complains of foreclosures since January 1, 2010 and admits that 25 of the 28 foreclosures occurred more than five years ago, including the August 2010 McGreevey foreclosure. Compl., ¶¶ 7, 12, Garnishment attachment No. 1, Declaration of Alan Martinson ¶7. USAG argued before the 9th Circuit that McGreevey's claim is untimely under 28 U.S.C. § 1658(a). USAG Amicus, *supra*. at 18 (advocating for a "a circuit-wide four-year limitations period."). Likewise, all of the 25 foreclosures older than five years are barred, as well as any others occurring more than four years before this action.

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 12 OF 17

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Second, USAG has failed to provide adequate information to permit NWTS to defend itself. USAG alleges that NWTS completed an unknown number of foreclosures that violated the SCRA from January 1, 2010 through "the present." Compl. ¶7; *see also Accord Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."); *Cooper v. Green Tree Serv., LLC*, 2015 WL 5085770, *6 (N.D. Ohio Aug. 27, 2015) (granting Rule 12(b)(6) dismissal based on FDCPA statute of limitations in the absence of specific violation dates; "[i]t is plaintiff's burden to allege sufficient information in his complaint to permit defendant to defend against his claim."). The scope of wrongful "conduct" broadly alleged in the Complaint is completely devoid of definition and does not show that the USAG is entitled to relief. However, USAG possesses a list of foreclosures that it believes are problematic. Garnishment attachment No. 1, Declaration of Alan Martinson ¶7, Garnishment attachment No. 2, Declaration of Brittany Cirineo ¶¶ 5-8. When seeking immediate monetary relief, the USAG makes concrete representations about these particular 28 foreclosures[5], yet only recites vague allegations in its Complaint. USAG intentionally hides the ball while implying greater misconduct than it can prove. This does not constitute "fair notice" to NWTS and merits dismissal.

Finally, the USAG seeks "an award of monetary damages to each identifiable victim" of the alleged SCRA violations, without regard to whether or not those individuals have already been compensated for alleged SCRA violations. Compl. at 7, ¶ 3. The USAG admits that 12 of the 28 foreclosures at issue have already resulted in payments of at least $125,000 for the violations complained of here. Garnishment attachment No. 2, Declaration of Brittany Cirineo ¶ 5. USAG fails to allege, much less explain, why the USAG's National Mortgage Settlement was

---

[5] *United States v. Northwest Trustee Services, Inc.*, Case No. 17-00158-JLR (W.D. Wash.) Dkt. No. 1

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 13 OF 17

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

insufficient to compensate the impacted individuals and why, by sheer luck of loan servicer, this Court should order double recovery for certain fortunate individuals. For example, USAG previously stated that impacted borrowers "will each receive $125,000, plus any lost equity in the property and interest on that equity." NMS/SCRA Press Release ¶6. Nevertheless, USAG now demands that NWTS pay those exact same damages in at least 12 cases where the recipients have already been made whole. Compl. ¶17, Garnishment. The USAG addressed the multiple compensation problem in the NMS by reducing NMS payment amounts to service members "for those service members or co-borrowers who have previously received compensation directly from the servicer or through a prior settlement." NMS/SCRA Press Release ¶6. Nothing in the Complaint justifies USAG's change in position here to pursue a windfall for only some allegedly aggrieved individuals. Where the person aggrieved already has been made whole by the loan servicer and released the servicers' agents, the USAG seeks relief that both exceeds the statute and has been waived by the recipient of such prior relief. SCRA does not contemplate or permit multiple recovery for a single foreclosure. Therefore, each of the 12 foreclosures that USAG admits have resulted in full compensation to the impacted individual must be dismissed from this Complaint.

Because the USAG's Complaint is untimely under 28 U.S.C. § 1658(a), fails to include the required information to permit NWTS to fairly defend itself, and seeks multiple recovery for aggrieved individuals, the Complaint must be dismissed.

### C. ALTERNATIVELY, THE COURT SHOULD ORDER AN AMENDED COMPLAINT WITH A MORE DEFINITE STATEMENT.

If this Court does not agree that the entire Complaint should be dismissed, NWTS respectfully requests that the Court order the USAG to amend the Complaint with a more definite statement identifying (a) which particular foreclosures occurred within the four year statute of limitations of 28 U.S.C. § 1658(a), and (b) every individual the USAG alleges that

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 14 OF 17

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

NWTS harmed and who has received compensation for any alleged SCRA violation and in what amount. As the USAG has admitted that 25 of the 28 foreclosures at issue occurred more than five years ago, the Court should still dismiss all claims based on those foreclosures as untimely.

"In the event a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile." *Hafliger v. Georgia Pac. Consumer Products (Camas) LLC*, 2016 WL 8710003, *2 (W.D. Wash. Jan. 22, 2016), *citing Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

This Court has previously required a more definite statement of claims[6] when granting Fed. R. Civ. P. 12(b)(6) dismissal with leave to amend. *See*, *e.g.*, *Scott v. Guantz*, 2013 WL 6000317, *1 (W.D. Wash. Nov. 8, 2013) (allowing an amended complaint with a more definite statement when the complaint "fail[ed] to notify defendant of the dates that plaintiff alleges incidents occurred."); *Akmal v. Centerstance, Inc.*, 2013 WL 1148841, *6 (W.D. Wash. Mar. 19, 2013) (dismissing claims outside a statute of limitations, but allowing a more definite statement of remaining claims upon amendment); *cf. Isomedia, Inc. v. Spectrum Direct, Inc.*, C08-1733-JLR, 2009 WL 10676390, *2 (W.D. Wash. Mar. 26, 2009) (ordering a more definite statement rather than dismissal, as the complaint failed to "inform each Defendant when the allegedly illegal emails were sent or even to which email addresses."); *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, 259 F.R.D. 490, 503 (W.D. Wash. 2009) ("Plaintiffs are directed to file an amended complaint with a more definite statement of the grounds for their claims.").

Without a more definite statement, NWTS is consigned to a shadowboxing defense against whatever self-serving drips of information the USAG deigns to provide. The Complaint

---

[6] A more definite statement is appropriate when a party cannot reasonably respond a vague or ambiguous complaint. Fed. R. Civ. P. 12(e).

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 15 OF 17

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

alleges that, as a result of NWTS' cooperation with the USAG, documents "revealed that [NWTS] had conducted unlawful foreclosures against Mr. McGreevey and at least 27 other protected service members." Compl., ¶ 14. When USAG decided to pursue *ex parte* prejudgment remedies against NWTS, it affirmed that "the United States has identified twenty-eight (28) foreclosures that are alleged to have violated the SCRA", but failed to disclose anything more about the allegedly improper foreclosures. Garnishment attachment No. 2, Declaration of Brittany Cirineo ¶ 5. USAG has only identified Mr. McGreevey as an aggrieved individual based on his August 2010 foreclosure. Compl. ¶¶ 11-14. USAG further admits that 24 other foreclosures occurred more than five years ago, but again without providing any information about the time-barred foreclosures. Garnishment attachment No. 1, Declaration of Alan Martinson ¶ 7. The USAG's persistent refusal to identify what properties are involved or what individuals are allegedly aggrieved robs NWTS of its right to effectively defend itself. The USAG has chosen to litigate this matter in the press through a Veteran's Day press release and in *ex parte* proceedings through selective information disclosure without giving NWTS the basic information required to mount an effective defense. Therefore, NWTS is entitled to an order requiring USAG to disclose the identity and date of each foreclosure to which USAG objects.

For example, both the USAG and NWTS agree that Mr. McGreevey's foreclosure cited in the Complaint occurred in August 2010 beyond the four-year statute of limitations. Compl. ¶¶ 12, 13. USAG has failed to provide more than conclusory allegations that any of the other 27 service members were subject to unlawful foreclosures occurring within the four-year statute of limitations, despite possessing all required information to make that determination for each of the 28 foreclosures USAG places at issue.

Additionally, the USAG's use of "at least" with respect to the number of service members places no bounds on the claimed misconduct at issue. It is impossible to determine which, if any, foreclosures gave rise to SCRA violations within the four-year statute of

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 16 OF 17

RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

limitations. 50 U.S.C. § 4041(b)(3). Since the Court can assess a civil penalty up to $55,000 for a first SCRA violation and up to $110,000 for any subsequent violations, greater definition is required in order to ascertain the potential punishment being sought.

In sum, as an alternative to complete Fed. R. Civ. P. 12(b)(6) dismissal, the Court should apply 28 U.S.C. § 1658(a) and order that the USAG amend its Complaint to identify each individual that has been fully paid under any USAG SCRA settlement, and each foreclosure within four years of this action which USAG claims violated the SCRA. All other claims related to foreclosures occurring on or before November 8, 2013 are barred under 28 U.S.C. § 1658(a).

## VI.    CONCLUSION

NWTS respectfully requests that the Court either dismiss the Complaint for its failure to state a plausible claim suggesting relief. In the alternative, NWTS respectfully requests that the Court enter an order barring all untimely claims under 28 U.S.C. § 1658(a) and requiring USAG to amend its Complaint with a more definite statement specifically identifying (a) which of the three potential violations can be prosecuted within the statute of limitations, and (b) which individuals have already received compensation under any prior SCRA settlement.

DATED this 19th day of December, 2017.

**RCO LEGAL, P.S.**

*/s/ Janaya L. Carter*
Janaya L. Carter, WSBA #32715
Attorneys for Defendant Northwest Trustee Services, Inc.

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS COMPLAINT
CASE NO. 17-01686-JLR
PAGE 17 OF 17

RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131